**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JEFFREY W. HOLTON**,

      Plaintiff,

v.                                    Case No: 8:25-cv-1606-WFJ-LSG

**FLORIDA DEPARTMENT OF**
**REVENUE, MARY BATT, T. PAUL**
**SESSIONS, JR.**,

      Defendants.

_____/

**<u>ORDER</u>**

Before the Court is the United States Magistrate Judge Lindsay S. Griffin's Report and Recommendation that Plaintiff Jeffrey Holton's motion to proceed *in forma pauperis* (Dkt. 6) be denied, and Plaintiff's *pro se* Amended Complaint (Dkt. 10) be dismissed without leave to amend. Dkt. 11. The time for filing objections has passed.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court may accept, reject, or modify the magistrate judge's report and recommendation. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

Plaintiff raises several objections to the Report and Recommendation. *See* Dkt. 12. First, Plaintiff argues the Magistrate Judge erred in finding that Plaintiff has no First Amendment right to access the requested information he seeks from the Florida Department of Revenue and the State Attorney's Office. *Id.* at 3. Second, Plaintiff contends that he sufficiently alleged facts showing either Defendant Sessions or Batt acted under color of state law. *Id.* at 4. Third, Plaintiff argues that abstention is not warranted in this case. *Id.* at 6. Finally, Plaintiff asserts that even if the Magistrate Judge's recommendation for dismissal is correct, the dismissal of his Amended Complaint should be without prejudice and leave to amend. *Id.* at 7. The Court rejects each of Plaintiff's objections.

The Magistrate Judge, in a thorough and well-reasoned analysis, found that Plaintiff's Section 1983 claims fail as a matter of law. As the Magistrate Judge correctly noted, Section 1983 claims require a plaintiff to plead some deprivation of a federal right, and "[t]here is no First Amendment right of access to public information." Dkt. 11 at 8–9 (quoting *Foto USA, Inc. v. Bd. of Regents of Univ. Sys. of Fla.*, 141 F.3d 1032, 1035 (11th Cir. 1998) and collecting cases). Therefore, the Magistrate Judge properly found that "Holton cannot plausibly allege the violation

of a federally guaranteed right under the First Amendment to access records possessed or maintained by state entities." *Id.* at 9.

Next, the Magistrate Judge's finding that Plaintiff alleged no facts show that either Sessions or Batt acted under color of state law is correct. *Id.* While Plaintiff's Amended Complaint alleges Defendants required him to pay a fee before accessing certain public records, there is no evidence that this is an abuse of Defendants' position given to them by the state. *See West v. Atkins*, 487 U.S. 42, 50 (1988); Fla. Stat. § 409.2579 (designating as confidential and exempting from disclosure under Section 119.07, Florida Statutes, information gathered from applicants for, or recipients of, child support services); Fla. Stat. § 119.07(4) (requiring the custodian of public records to furnish a copy of a record "upon payment of the fee prescribed by law" or by that subsection).

Finally, the Court agrees that, even if Plaintiff stated a claim, abstention is warranted in this case. As the Magistrate Judge correctly points out, the documents Plaintiff seeks from Defendants were to be used "in preparation of trial in his state court domestic relations proceedings." Dkt. 11 at 10. The Eleventh Circuit teaches that "[t]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988). As such, "federal courts generally dismiss cases involving divorce and alimony, child custody, visitation[] rights, establishment of paternity, child support,

and enforcement of separation or divorce decrees still subject to state court modification." *Id.* (citation omitted). In this case, the Magistrate Judge correctly observed that while Plaintiff's Amended Complaint "requests no relief directly implicating the marital or parent-child relationship, any order requiring disclosure of information gathered as part of the child support proceeding would necessarily interfere with the state court's adjudication of a family law matter." Dkt. 11 at 11. Therefore, the Court finds that abstention is also warranted.

## CONCLUSION

The Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Plaintiff Holton, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at \*1 (11th Cir. July 30, 2021). The Court agrees with the Magistrate Judge's conclusion that "[b]ased on the absence of cognizable federal claim under any construction of the facts and the preference for abstention under *Ingram*, further amendment would be futile." Dkt. 11 at 12.

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 11, is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and made a part of this order.

    a. Plaintiff Holton's objections, Dkt. 12, are **OVERRULED.**

2. The Court **DENIES** Plaintiff Holton's motion to proceed *in forma pauperis*. Dkt. 6.

3. The Court **DISMISSES** Plaintiff Holton's Amended Complaint with prejudice. Dkt. 10.

4. The Clerk is directed to **TERMINATE** all pending deadlines and **CLOSE** this case.

    **DONE** and **ORDERED** in Tampa, Florida, on January 16, 2026.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Plaintiff, *pro se*